IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SCOTT SPENCER,

       Plaintiff,                    No. CIV S-06-1346 FCD DAD P

   vs.

N. NOBEL, et al.,

       Defendants.           <u>ORDER</u>

_____/

        Plaintiff's complaint was received for filing on June 19, 2006. Although the complaint bears a Palmdale residential address, plaintiff's proof of service provides a prison address, and his in forma pauperis application was submitted on a prisoner form. The prison address was entered on the docket as plaintiff's address of record. Court records reveal that plaintiff filed a change of address on July 24, 2006, reporting a change of address on July 6, 2006, from Solano State Prison to Palmdale. The change of address notice was captioned for filing only in <u>Spencer v. Briddle</u>, case No. CIV S-06-0272 FCD KJM P. The case opening documents sent to plaintiff notified him of his obligation to keep the court apprised of a current address at all times. A notice of change of address must be filed in each open case.

        A review of plaintiff's in forma pauperis application reveals that the application was certified by a prison official on January 26, 2006. The attached prison trust account

1

1  statement covers the period of July 1, 2005, through January 25, 2006.  Plaintiff's application
2  was six months out-of-date when it was filed, and plaintiff's custody status changed soon
3  thereafter.  The court will provide plaintiff with a non-prisoner application form and will grant
4  plaintiff thirty days to complete and file the form if he wishes to proceed with this action.
5         Plaintiff also filed a motion for appointment of counsel.  The United States
6  Supreme Court has ruled that district courts lack authority to require counsel to represent
7  indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298
8  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
9  counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
10 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court does not find
11 the required exceptional circumstances in this case.  Plaintiff's motion will therefore be denied.
12        Plaintiff is informed that a document mailed to the court for filing must be placed
13 in the mail so that it arrives on or before the due date.
14        Accordingly, IT IS HEREBY ORDERED that:
15        1. Plaintiff's June 19, 2006 application to proceed in forma pauperis (#2) is
16 denied without prejudice;
17        2. Plaintiff's June 19, 2006 motion for appointment of counsel (#3) is denied;
18        3. The Clerk of the Court shall provide plaintiff with a copy of the in forma
19 pauperis application to be used by a non-prisoner in a civil action; and
20        4. Plaintiff shall file, within thirty days from the date of this order, an in forma
21 pauperis application on the form provided with this order; plaintiff's failure to comply with this
22 order will result in a recommendation that this action be dismissed without prejudice.
23 DATED: January 25, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
spen1346.3+31

2